**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| JAMES GODWIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 1:24-cv-341-TFM-N |
| | ) |
| STATE FARM MUTUAL | ) |
| AUTOMOBILE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the *Motion for Judgment on the Pleadings*. Doc. 5, filed September 24, 2024. Defendant State Farm Mutual Automobile Insurance Company motions the Court, pursuant to Fed. R. Civ. P. 12(c), to enter a judgment on the pleadings because Plaintiff James Godwin's single claim for breach of contract fails as a matter of law. *Id.* Included in the motion for judgment on the pleadings is Defendant State Farm Mutual Automobile Insurance Company's request the Court revise the contract between it and Plaintiff James Godwin to reflect a settlement amount of $25,000.00. Having considered the motion (Doc. 5), response (Doc. 10), reply (Doc. 13), and relevant law, the Court finds the motion is due to be **DENIED**.

Also, pending before the Court is the *Motion to Strike Affidavit of Randall C. Caldwell, Jr.* Doc. 14, filed October 25, 2024. Defendant State Farm Mutual Automobile Insurance Company motions the Court strike the affidavit of Randall C. Caldwell, Jr., that was submitted with Plaintiff James Godwin's response to the motion for judgment on the pleadings. *Id.* Plaintiff James Godwin did not file a response to the motion to strike. Having considered the motion (Doc. 5) and relevant law, the Court finds the motion is due to be **DENIED as moot**.

## I.     JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332 (diversity).

The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both. The district court has personal jurisdiction over the claims in this action because the events that gave rise to this action are alleged to have occurred within this district. *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291-92 (11th Cir. 2000) ("Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint . . . . General personal jurisdiction, on the other hand, arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated. The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state.").

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions that gave rise to this litigation occurred in this judicial district.

## II.     BACKGROUND

**A.     Factual Background**[1]

---

[1] For a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleadings," which are viewed in "the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). "[W]hen resolving a motion to dismiss or a motion for judgment on the pleadings, a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F. 4th 1292, 1300 (11th Cir. 2024) (footnote omitted). Defendant attached several documents to its answer: (1) Butler's relevant policy of insurance (Doc. 3-1), (2) email correspondence between Defendant's claims department and Plaintiff's counsel (Docs. 3-2, 3-5), and (3) mail correspondence between Defendant's claims

On or about April 11, 2024, Plaintiff James Godwin ("Godwin" or "Plaintiff") was involved in a wreck with Jeffrey Gordan Butler ("Butler"), and as a result, Godwin sustained serious injuries. Doc. 1-1 at 3. At the time of the wreck, Butler was an insured under a policy of insurance ("the Policy") with Defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant"). *Id.* The Policy included liability coverage with limits of $25,000.00 for bodily injury to a single person. Doc. 3-1 at 2, 8-11.

On June 12, 2024, counsel for Plaintiff emailed Defendant's claims department and requested a policy limit tender for Plaintiff. Doc. 3-2. Counsel wrote, "There appears to only be 25k in coverage, and [Plaintiff] has no UIM." *Id.* at 1. Counsel described Plaintiff's injuries from the accident:

> [Godwin] was taken to USA Hospital by lifeflight with a shattered hip and injuries to his intestines and legs. He states that he was at USA for 5 days before he was released to go home. He had surgery on his hip. He has been in follow-up treatment ever since.

*Id.* As a result of Plaintiff's treatment, counsel indicated the treating hospital filed a lien against Plaintiff in the amount of $169,213.34, which counsel attached to his email. *Id.* at 1-2. Counsel concluded his email "Let me know if this is sufficient for a PL tender, or what you would need to see in addition to this." *Id.* at 1.

In a letter that is dated July 5, 2024, and addressed to Plaintiff's counsel, Defendant's claims department wrote:

> This will confirm our settlement offer in the amount of $169,213.34 on 07/05/2024. Please provide the UIM subrogation waiver, if applicable. If not applicable, please provide your client's policy documentation to confirm. Please review the attached

---

department and Plaintiff's counsel (Docs. 3-3, 3-4). The Court finds the attached documents are central to Plaintiff's claim for breach of contract, and Plaintiff does not dispute their authenticity in his response to the motion for judgment on the pleadings. Therefore, the Court will consider the documents that are attached to Defendant's answer to the complaint to resolve the motion for judgment on the pleadings.

> lien(s) and advise if you have potential of getting lien amounts reduced. If there is no potential of getting liens reduced, I am prepared to print settlement checks upon receiving signed release.

Doc. 3-3 at 1. Attached to the letter was a release form for Plaintiff to complete with an offer of consideration in the amount of $169,213.34. *Id.* at 2.

In a letter that is dated July 5, 2024, and addressed to Defendant's claims department, Plaintiff's counsel wrote, "This letter is to confirm that [Plaintiff] accepts the offer of $169,213.34 to settle the above claim." Doc. 3-4. The letter provided information to format the check as well as mailing instructions and included the completed release form. *Id.*

On July 10, 2024, Defendant's claims department emailed Plaintiff's counsel and informed:

> There was a prior release sent to you in the wrong amount of $169,213.34. This policy carries a limit of $25,000.00 and we have authority to settle it for the same. As the previous release was sent in error, please have your client sign and return the attached corrected release. Additionally, please provide a UM subrogation waiver if applicable. If not, please confirm the same in writing.

Doc. 3-5 at 1. Attached to the email was a release form for Plaintiff to complete with an offer of consideration in the amount of $25,000.00. *Id.* at 2.

Since then, State Farm has not issued to Godwin the offered payment of $169,213.34. *Id.*

**B.     Procedural Background**

Plaintiff originally filed his complaint on August 19, 2024, in the Circuit Court of Baldwin County, Alabama. Doc. 1-1 at 1-11. On September 18, 2024, Defendant timely removed this matter to this Court and cites 28 U.S.C. § 1332 as its basis for removal. Doc. 1 at 3-5. On the same date, Defendant filed its answer to the complaint. Doc. 3.

On September 24, 2024, Defendant filed its instant motion for judgment on the pleadings (Doc. 5) for which the Court entered a briefing scheduling order (Doc. 7). Plaintiff timely filed

his response to the motion (Doc. 10), and Defendant timely filed its reply (Doc. 13). In support of Plaintiff's response to the motion, he filed the affidavit of Clyde Randall Caldwell, Jr. (Doc. 8), for which Defendant filed a motion to strike (Doc. 14). Plaintiff did not file a response to the motion to strike. *See* Docket Sheet. The Court finds oral argument is unnecessary, and therefore, the motion for judgment on the pleadings and motion to strike are ripe for review.

### III.   STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is appropriate when "no issues of material fact exist, and the movant is entitled to judgment as a matter of law." *Ortega v. Christian*, 85 F.3d 1521, 1524-25 (11th Cir. 1996). When reviewing a judgment on the pleadings, the court must accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Id*. A judgment on the pleadings is limited to consideration of "the substance of the pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998). In other words, a Fed. R. Civ. P. 12(c) motion "is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard of review to a Fed. R. Civ. P. 12(c) motion).

Eleventh Circuit precedent discussing the standard of review for a motion under Fed. R. Civ. P. 12(c) indicates "[j]udgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002) (quoting *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209,

1213 (11th Cir. 2001)); *see also Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002) ("If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint."). These cases have not yet been explicitly overturned. However, that same language was previously utilized in the context of a Fed. R. Civ. P. 12(b)(6) motion to dismiss prior to *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In *Twombly*, the Supreme Court explained that this "no set of facts" language "earned its retirement" because it is simply "an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. As caselaw is clear that the standards are functionally identical for a Fed. R. Civ. P. 12(b)(6) and 12(c) motion, the Court will apply the *Twombly* standard. *See, e.g., Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) (applying *Twombly* to a Fed. R. Civ. P. 12(c) motion); *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549-50 (6th Cir. 2008) (same); *Doe v. MySpace Inc.*, 528 F.3d at 418 (same); *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (same).

As a result, the Court must draw "all reasonable inferences in the [non-movant's] favor." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, the Court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The U.S. Supreme Court has suggested that courts adopt a "two-pronged approach" when considering motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). Importantly, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],'

which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682).

## IV.    DISCUSSION AND ANALYSIS

The Court will first address the motion for judgment on the pleadings then the motion to strike.

**A.    Motion for Judgment on the Pleadings**

Defendant argues it is clear the parties intended to conclude a settlement for the liability coverage limit of $25,000.00, based on Plaintiff's counsel's June 12, 2024 email to Defendant's claims department. *See* Doc. 5 at 6-7. Defendant argues the settlement amount of $169,213.34 was a scrivener's error or other mutual mistake, and therefore, there was not a meeting of the minds to conclude an enforceable contract. *Id.* at 7. Defendant argues, even if the $169,213.34 settlement amount that was offered is considered a unilateral mistake, it was out of proportion to the value of the subject of negotiation, which was the liability coverage limit that Plaintiff's counsel understood to be $25,000.00, and Plaintiff knew a mistake must have been committed or had reason to know of Defendant's unilateral mistake. *Id.*

In response, Plaintiff argues there are genuine issues of material fact as to whether the settlement offer of $169,213.34 was a scrivener's error or a unilateral mistake. Doc. 10 at 3. Plaintiff argues Defendant cannot show Plaintiff's counsel knew the liability coverage limit was $25,000.00, and therefore, the settlement offer of $169,213.34 was a scrivener's error or unilateral mistake. *Id.* at 4-5. Plaintiff argues Defendant drafted then transmitted the release and settlement agreement and Defendant executed the same. *Id.* at 3-4.

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's

nonperformance; and (4) resulting damages." *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009). "[T]he basic elements of a contract are an offer and an acceptance, consideration, and mutual assent to the essential terms of the agreement." *Sirote & Permutt, P.C. v. Caldwell*, 293 So. 3d 867, 873 (Ala. 2019) (citations omitted). "It is well settled that whether parties have entered a contract is determined by reference to the reasonable meaning of the parties' external and objective actions." *SGB Const. Servs., Inc. v. Ray Sumlin Const. Co., Inc.*, 644 So. 2d 892, 895 (Ala. 1994). "Conduct of one party from which the other may reasonably draw an inference of assent to an agreement is effective as acceptance." *Id.* (citing *Deeco, Inc. v. 3-M Co.*, 435 So. 2d 1260 (Ala. 1983)). "However, settlement agreements, like other agreements, are not valid when there has been no meeting of the minds with regard to the final terms of the agreement, . . . , or when the parties have merely agreed to later agree, . . . ." *Grayson v. Hanson*, 843 So. 2d 146, 150-51 (Ala. 2002) (internal citations omitted).

> "[W]hen a writing through mutual mistake of the parties, or mistake of one of the parties, and fraud or deception on the part of the other, or mistake of the scrivener who drew the contract for the parties, contains substantially more or less than the parties intended or the intention of the parties is not express 'due to inapt language' it will be reformed to express the true intention of the parties." *Atlas Assur. Co., Ltd., of London, England v. Byrne*, 235 Ala. 281, 282, 178 So. 451, 452 (1938). Alabama views scrivener's errors as mutuality of mistake, and such errors are subject to reformation. *Sherman v. Woerner Magnolia Farms, Inc.*, 565 So. 2d 601, 604 (Ala. 1990). . . . Generally, a unilateral mistake is not a ground for reformation. *Am. Liberty Ins. Co. v. Leonard*, 270 Ala. 17, 115 So. 2d 470 (1959). Reformation is authorized when there is fraud or inequitable conduct on the part of the other party to the contract. *Id.*

*Pullum v. Pullum*, 58 So. 3d 752, 756-57 (Ala. 2010).

Accepting as true the material facts alleged in Plaintiff's pleadings as well as viewing those material facts, which include the documents that were attached to Defendant's answer to the complaint and incorporated by reference, in the light most favorable to Plaintiff, the Court finds a dispute of material fact as to whether Defendant's settlement offer of $169,213.34 was a

Page 8 of 10

scrivener's error. In this case, the scrivener's error was the amount for which the parties were to settle Plaintiff's claim against Defendant. There is a scrivener's error when some provision of a contract does not reflect the intent of the parties to the contract. *See Pullum*, 58 So. 3d at 756. Here, Plaintiff's counsel, in his June 12, 2024 email, requested a policy limit tender, which he believed was $25,000.00, for Plaintiff's case, and Defendant's response was to offer $169,213.34, the full amount of Plaintiff's medical lien, which Plaintiff accepted. It has not been shown that the parties agreed to any other settlement amount other than $169,213.34, and Defendant is not constrained to offer only policy limits to settle claims on behalf of its insured.

Further applying the standard for a motion for judgment on the pleadings to whether Defendant's settlement offer of $169,213.34 was a unilateral mistake, the Court finds there is a dispute of material fact. To show a unilateral mistake that disproves a contract was formed, it must also be shown the other party committed a fraud or deception that is related to the mistake. *Id.* Here, at this point in the litigation, the evidence shows Defendant offered $169,213.34 to settle Plaintiff's claim and he accepted the offer without evidence he committed a fraud or deception related to such and any evidence of such is circumstantial.

Since the Court finds there is a genuine dispute of material fact as to whether Defendant committed a scrivener's error and unilateral mistake, the motion for judgment on the pleadings is due to be **DENIED**, and in turn, its request to reform the purported contract is also **DENIED**.

B.   **Motion to Strike**

As a preliminary matter, motions to strike are generally disfavored as time wasters that distract the Court from the merits of a party's claim. Further, Fed. R. Civ. P. 12(f) only applies to pleadings. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."); *see also* 2 James Wm. Moore,

*et al.*, Moore's Federal Practice § 12.37[2] (3d ed. 2013) ("Only material included in a 'pleading' may be subject of a motion to strike . . . . Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."). However, under the applicable standard for a motion for judgment on the pleadings, the Court may not consider factual assertions that are presented in an affidavit that is not attached to a pleading and incorporated by reference. Therefore, the Court did not consider the factual assertions in Mr. Caldwell's affidavit, and the motion to strike is **MOOT**.

## V.    CONCLUSION

Accordingly, the Motion for Judgment on the Pleadings (Doc. 5) is **DENIED**, and the Motion to Strike Affidavit of Randall C. Caldwell, Jr. (Doc. 14) is **MOOT**.

**DONE** and **ORDERED** this 8th day of May 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE